UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN LAWRENCE HENDRICKSON,

                    Petitioner,

      v.

ALICE PAYNE,

                    Respondent.

Case No. C06-5331 RBL/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:**
**August 25, 2006**

       The petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4. Petitioner has been granted leave to proceed *in forma pauperis*. (Dkt. #3). Petitioner seeks to challenge a February 2006 conviction and sentence. (Dkt. # 1). On July 3, 2006, the court ordered petitioner to show cause why his petition should not be dismissed because it appeared his claim appeared unexhausted. (Dkt. # 6). Petitioner's timely response to the court's show cause order is now before the court. (Dkt. #7). Upon review, it is the court's recommendation that the petition should be dismissed without prejudice because petitioner has failed to properly exhaust his state court remedies.

## DISCUSSION

       In order for a federal district court to review the merits of a § 2254 petition, the petitioner must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A); <u>Fields v. Waddington</u>, 401 F.3d 1018, 1020 (9th Cir. 2005). A petitioner can satisfy the exhaustion requirement by either (1)

REPORT AND RECOMMENDATION
Page - 1

fairly and fully presenting each of his federal claims to the state's highest court, or (2) demonstrating that no state remedies are available to him. <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996) (internal citations omitted). Thus, "a would-be habeas corpus petitioner must await the outcome of his [state court] appeal before his state remedies are exhausted." <u>Sherwood v. Tomkins</u>, 716 F.2d 632, 634 (9th Cir. 1983).

In this case, the record indicates that a direct appeal of petitioner's state court sentence is currently pending in the Washington Court of Appeals Division II. (Dkt. # 7-1, p. 11). Petitioner's state court remedies are therefore unexhausted. A federal court faced with an unexhausted petition dismisses the petition, without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982). Petitioner should be given that opportunity.

## CONCLUSION

Based on the foregoing discussion, the Court should **DISMISS** the petition **WITHOUT PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 25, 2006** as noted in the caption.

DATED this <u>2nd</u> day of August, 2006.

Karen L. Strombom
United States Magistrate Judge